**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 04-cv-02509-REB-CBS

KAISER-HILL COMPANY, L.L.C., for the use and benefit of DIVERSIFIED
TECHNOLOGIES SERVICES, INC.,

    Plaintiff,
v.

MACTEC, INC., and
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

    Defendants.

## ORDER REGARDING *DAUBERT* MOTIONS

**Blackburn, J.**

The matters before me are (1) **Defendants MACTEC, Inc.'s and The Insurance Company of the State of Pennsylvania's Fed.R.Evid. 702 Motion to Strike Plaintiff's Expert Designations** [#47], filed April 28, 2006; and (2) **Use Plaintiff's Motion in Limine to Limit the Testimony of Defendants' Experts Kevin Call, CPA and Carl E. Adams, Jr., P.E., Ph.D.** [#48], filed April 28, 2006.  I grant defendants' motion in part and deny it in part, and I deny plaintiff's motion.

### I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1352 (action on a bond executed under federal law), as well as under the Miller Act, 40 U.S.C. § 3133.

## II.  STANDARD OF REVIEW

By the present motions, the parties seek to strike or limit the testimony of one another's expert witnesses.  Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony.  This rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED.R.EVID. 702.  As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.,*** 360 F.3d 1206, 1210 (10th Cir. 2004).  The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper."  ***See Kumho Tire Company, Ltd. v. Carmichael***, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).

Under ***Daubert*** and its progeny, an expert opinion is reliable if it is based on scientific knowledge.  "The adjective 'scientific' implies a grounding in the methods and procedures of science.  Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation."  ***Daubert***, 113 S.Ct. at 2795.  In short, the

touchstone of reliability is "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id*. at 2796; *see also Truck Insurance Exchange*, 360 F.3d at 1210. The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Goebel v. Denver and Rio Grande Western Railroad Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (quoting *Gomex v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).

Rule 702 demands also that the expert's opinion be relevant, that is, that the testimony "fit" the facts of the case. *Daubert*, 113 S.Ct. at 2796; *In re Breast Implant Litigation*, 11 F.Supp.2d 1217, 1223 (D. Colo. 1998). "'[T]he standard for fit is higher than bare relevance.'" *In re Breast Implant Litigation*, 11 F.Supp.2d at 1223 (quoting *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 745 (3rd Cir. 1994), *cert. denied*, 115 S.Ct. 1253 (1995)). The proffered evidence must speak clearly and directly to an issue in dispute in the case. *Id.*

Guided by these principles, the court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible. *Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000). The overarching purpose of the court's inquiry is "to make certain that the expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Goebel*, 346 F.3d at 992 (quoting *Kumho Tire Company*, 119 S.Ct. at 1176).

## III.  ANALYSIS

This case involves breach of contract claims arising from work performed at the Rocky Flats Environmental Technology Site ("Rocky Flats").  Plaintiff Kaiser-Hill Company, LLC ("Kaiser-Hill) is the management and integration contractor at Rocky Flats.  Kaiser-Hill awarded defendant MACTEC, Inc. ("MACTEC"), a contract for certain demolition and decontamination projects at the Rocky Flats site.  MACTEC subcontracted with use-plaintiff Diversified Technologies Services, Inc. ("DTS"), to design, fabricate, and operate a wastewater treatment system in connection with the closure of Building 771 at the site.  DTS claims that, contrary to the terms of its subcontract with MACTEC, it was required to process wastewater containing liquid asbestos and a fixative agent known as ABC polymer, which damaged its equipment and rendered it unuseable.  It has alleged causes of action for breach of contract and equitable adjustment against MACTEC, as well as a claim for payment against its surety, defendant The Insurance Company of the State of Pennsylvania.

I note first that neither party has adequately complied with the protocol I established for marshaling Rule 702 objections and responding to same.  (**See Trial Preparation Conference Order** at 2-3, ¶¶ 1(c) & (d) [#11], filed March 11, 2005.) Moreover, the way in which defendants have organized and presented their motion is particularly obtuse and unhelpful, a shortcoming which is especially egregious given that defendants were granted a substantial extension of the page limitations in which to present their arguments.

These shortcomings are ultimately irrelevant, however, since none of the parties'

4

uncontested Rule 702 objections has traction.[1]  Most of the objections go to the weight, rather than the admissibility, of the expert opinions.  Others, such as whether a particular expert's opinion will be cumulative or wasteful, do not implicate Rule 702 or are premature at this juncture.

    A.  *Robert Levis*

Defendants object first to the admission of testimony from Levis on the ground that, although designated as a rebuttal witness with respect to the testimony of defendants' damages expert, Kevin Call, Levis is, in fact, not rebutting Call's opinion, but rather proffering an entirely new calculation of damages.[2]  This argument, which does not implicate any of the concerns sought to be addressed by Rule 702, is inadequately briefed in any event.  Defendants simply produce the two experts' reports (12 pages and 42 pages respectively) and essentially invite me to compare and contrast them.  I am neither required nor inclined to develop or substantiate defendants' arguments for them.

Defendants' claim that Levis's methodology is unreliable, although facially comprising an actual Rule 702 objection, is ultimately meritless.   Defendants do not demonstrate that there is anything amiss in the manner in which Levis applied the methods he used to assess plaintiff's damages.  Rather, their argument is that he should have applied a different methodology.  Such arguments go only to the weight,

---

[1]  DTS does not oppose defendants' challenge to the qualifications of Dennis Brunsell to render expert opinions regarding asbestos and beryllium.  Defendants' motion thus will be granted to that limited extent.

[2]  Somewhat contradictorily, defendants argue also that Levis's testimony will be cumulative and therefore wasteful.

not the admissibility, of expert testimony.

  B. *Leslie Cole*

  Defendants' contention that Cole lacks sufficient facts or data to render an opinion on radiological issues in this case is a particularly egregious example of the idiosyncratic and unhelpful briefing to which I previously referred.  More importantly, the arguments advanced go to the weight, not the admissibility, of Cole's testimony.

  In addition, defendants' suggestion that Cole is offering a legal opinion in suggesting that "MACTEC should accept some responsibility for" the various shortcomings in its oversight of the project is baseless.  It is clear that Cole is applying the standards of his own field, not rendering a legal conclusion regarding liability.

  C. *Michael Palmer*

  Defendants' argument that Palmer's opinion is based on insufficient facts and data goes to the weight, not the admissibility, of his testimony.  His opinions regarding asbestos contamination in the system are not unnecessary, as defendants suggest, but rather are central of plaintiff's theory of recovery.  His opinions concerning whether MACTEC adequately informed plaintiff that asbestos contaminated water would be sent through the wastewater feed stream are based on the standards and practices of his area of specialization.  Finally, defendants offer nothing to suggest that Palmer's acknowledged qualifications to opine regarding the nature and characteristics of polymer generally do not sufficiently translate into an ability to offer an opinion regarding its application for radiological purposes.  I find no basis to conclude that the relevant expertise must read at this level of specificity, and any variance therein may be fully explored on cross-examination.

D. *Charles Jensen*

Defendants' argument that "[n]one of [Jensen's] opinions are based on scientific or specialized knowledge, nor are they derived from any expert-appropriate analysis or methodology" (Def. Motion at 18) is so inadequately developed as to defy meaningful review. Moreover, it is clear that Jensen, DTS's Chief Executive Officer, is sufficiently qualified by experience, as the designer of the Rocky Flats water treatment system, to render expert opinions in this case. Moreover, as before, in light of the fact that Jensen is qualified to testify regarding practices and procedures in radioactive waste remediation generally, his lack of familiarity with the site specific procedures at Rocky Flats affects only the weight, not the admissibility, of his testimony.

E. *Dennis Brunsell*

As noted above (**see supra**, note 1), plaintiffs concede defendants' objection that Brunsell is not qualified to offer opinions regarding asbestos and beryllium. However, contrary to defendants' arguments, Brunsell appears fully qualified to testify regarding the inspection of the equipment. Here again, the alleged shortcomings identified by defendants go only to the weight of Brunsell's testimony and can be fully developed on cross-examination.

F. *Kevin Call*

DTS's suggestion that Call, a damages expert, is being asked to render a legal opinion borders on nonsensical. DTS first concocts a nonexistent distinction between "economic damages" and "legal damages" and then constructs an argument which, if taken to its logical extreme, would permit only an attorney to testify as to the proper

measure of damages. Since such an outcome is forbidden by the very precedents on which DTS purports to rely; this argument goes nowhere.

    G.  *Carl Adams*

DTS claims that Adams's opinion is mere speculation because certain of his conclusions are couched in language such as "might" and "may." This argument elevates form over substance. "There is no requirement that an expert state an opinion to any particular degree of certainty." **Bitler v. A.O. Smith Corp**., 400 F.3d 1227, 1236 n.2 (10th Cir. 2004), **cert. denied**, 126 S.Ct. 395 (2005). The other alleged deficiencies in Adams's opinion are matters that can be fully explored on cross-examination. They present no basis to exclude his testimony all together.

    **THEREFORE, IT IS ORDERED** as follows:

    1. That **Defendants MACTEC, Inc.'s and The Insurance Company of the State of Pennsylvania's Fed.R.Evid. 702 Motion to Strike Plaintiff's Expert Designations** [#47], filed April 28, 2006, is **GRANTED IN PART** and **DENIED IN PART**:

        a. That defendants' motion is **GRANTED** with respect to their objection that Dennis Brunsell not be permitted to offer expert testimony regarding asbestos and beryllium; and

        b. That in all other respects, the motion is **DENIED**; and

    2. That **Use Plaintiff's Motion in Limine to Limit the Testimony of Defendants' Experts Kevin Call, CPA and Carl E. Adams, Jr., P.E., Ph.D.** [#48], filed April 28, 2006, is **DENIED**.

Dated August 11, 2004, at Denver, Colorado.

             **BY THE COURT:**

             **s/ Robert E. Blackburn**
             **Robert E. Blackburn**
             **United States District Judge**